J-S36043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JASON SCOTT CICCOCIOPPO :
:
Appellant : No. 774 MDA 2024

Appeal from the PCRA Order Entered May 15, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000899-2019

BEFORE: LAZARUS, P.J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:               **FILED: OCTOBER 22, 2024**

Appellant, Jason Scott Ciccocioppo, appeals from the post-conviction court's May 15, 2024 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  On appeal, Appellant seeks to argue that the court erred by denying his petition because he has met an exception to the PCRA's one-year time bar.  Additionally, Appellant's counsel, Michael J. Fiorillo, Esq., seeks to withdraw his representation of Appellant pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).  While a *Turner/Finley*[1] no-merit letter is the appropriate filing when counsel seeks to withdraw on appeal from the denial of PCRA relief, we will accept Attorney Fiorillo's *Anders* brief in lieu of a *Turner/Finley* no-merit letter.  *See*

_____

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

*Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) ("Because an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief in lieu of a *Turner/Finley* letter.") (citation omitted). After careful review, we affirm the PCRA court's order denying Appellant's petition and grant Attorney Fiorillo's petition to withdraw.

The facts underlying Appellant's convictions are not germane to our disposition of his instant appeal. We only note that on August 1, 2019, Appellant entered a negotiated guilty plea to various sexual offenses, including rape of a child and involuntary deviate sexual intercourse. That same day, the court imposed the agreed upon, aggregate sentence of 25 to 50 years' incarceration. On September 26, 2019, the sentencing order was amended in several regards not pertinent to our discussion herein.

Appellant did not file a direct appeal and, therefore, his judgment of sentence became final on October 28, 2019. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (directing that a notice of appeal to Superior Court must be filed within 30 days after the entry of the order from which the appeal is taken).[2]   On

---

[2] Thirty days after Appellant's sentencing was October 26, 2019. However, as that day was a Saturday, Appellant had until Monday, October 28, 2019, to file a notice of appeal. *See* 1 Pa.C.S. § 1908 ("When any period of time is referred to in any statute, such period in all cases … shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on a Saturday or Sunday, or on any day made

*(Footnote Continued Next Page)*

September 29, 2023, Appellant filed a *pro se* PCRA petition.  Therein, he raised various claims of trial counsel's ineffectiveness, and alleged that his plea was not knowing, intelligent, and voluntary.  Appellant also averred that his ability "to do research in the law library" of the prison was impeded by restrictions due to the Covid-19 pandemic.  *Pro Se* PCRA Petition, 9/29/23, at 3.

The PCRA court appointed Attorney Fiorillo to represent Appellant. Although it does not appear that counsel filed an amended petition on Appellant's behalf, a PCRA hearing was held on May 10, 2024.  On May 15, 2024, the court issued an order dismissing Appellant's PCRA petition on the basis that it was untimely and met no exception to the timeliness requirement. Appellant filed a timely notice of appeal.[3]  The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and it filed an order on July 1, 2024, indicating that it was relying on the rationale set forth in its May 15, 2024 order dismissing Appellant's petition.

On July 24, 2024, Attorney Fiorillo filed an application to withdraw and an **Anders** brief with this Court.  As stated *supra*, the proper filing to withdraw

---

a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

[3] Appellant filed his notice of appeal *pro se*.  Consequently, the court held a hearing on June 24, 2024, to ascertain the status of his representation.  On July 1, 2024, the PCRA court filed an order stating that Attorney Fiorillo was still representing Appellant.

from a PCRA case is a **Turner/Finley** no-merit letter.  Consequently, we analyze whether counsel's brief meets the following requirements:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under [**Turner**, **supra**, and **Finley**, **supra**, and] … must review the case zealously.  **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> ***
>
> [W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner/Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case.  If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

Here, Attorney Fiorillo has substantially complied with the requirements for withdrawal.  Namely, counsel details the nature of his review of Appellant's case, explains the issues Appellant wishes to raise regarding the timeliness of his petition, and discusses why those claims fail to satisfy any exception to the PCRA's one-year time-bar.  Counsel requests to withdraw, and states in his petition to withdraw that he has sent a copy of his brief and petition to withdraw to Appellant, along with a letter detailing Appellant's right to proceed

*pro se* or with a privately retained attorney. Accordingly, we will now conduct our own independent review of Appellant's case to discern if his issues are meritless.

Initially, we recognize that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Instantly, Appellant's judgment of sentence became final on October 28, 2019, and thus, he had until October 28, 2020, to file a timely petition. Consequently, his petition filed in 2023 is facially untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions set forth in 42 Pa.C.S. § 9545(b). Appellant has failed to do so.

First, Appellant seemingly attempts to invoke the governmental-interference exception, arguing that government-imposed Covid-19 restrictions limited his access to the law library. Notably, Appellant did not explain, in his *pro se* petition, what claim he was prevented from raising because of this alleged interference by the government. Additionally, we agree with the PCRA court that Appellant's attempt to meet this timeliness exception is meritless because he did not allege that the Covid-19 restrictions were illegal or unconstitutional. **See** PCRA Court Order (PCO), 5/15/24, at 1 n.1; **see also** 42 Pa.C.S. § 9545(b)(1)(i) (stating that the governmental interference alleged must violate the United States or Pennsylvania

- 6 -

Constitution or laws); ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1095 (Pa. 2010) (rejecting the petitioner's claim that the "limited library resources and his restricted housing status within the … correctional facility frustrated his efforts to understand and invoke his appellate rights[,]" because he failed to "allege that the [prison] administered its library or housing policies in violation of his rights under constitutional or state law as required under a governmental interference claim").

Second, Appellant avers that he has met the newly-discovered-fact exception because "his mental impairments prevented him from being aware of the existence of collateral relief." PCO at 1 n.1.[4] Again, this claim is meritless. As the PCRA court aptly reasoned:

> The Pennsylvania Supreme Court has generally rejected equitable exceptions to the statutory timeliness requirements of the PCRA, due to the jurisdictional nature of the time restrictions. ***Commonwealth v. Fahy***, … 737 A.2d 214, 222 ([Pa.] 1999). ***The general rule remains that a mental illness or psychological condition, absent more, cannot serve as an exception to the PCRA's jurisdictional time requirements.*** ***Commonwealth v. Monaco***, 996 A.2d 1076, 1081 (Pa. Super. [] 2010). While this exception may apply to the very limited circumstances of mental incompetency, here, incompetency is not alleged. ***Commonwealth v. Cruz***, … [852 A.2d 287, 293] ([Pa.] 2004)[; ***see also id.*** at 297] (holding that incompetence qualifies under the after-discovered evidence exception to the PCRA time-bar as long as the defendant files [a petition] within one year of regaining competency). [Appellant] alleged a low IQ, not

---

[4] This argument was ostensibly raised at the PCRA hearing. However, the transcripts of that proceeding are not contained in the certified record. Upon inquiry by this Court's Prothonotary's Office, we discovered that the hearing was not transcribed. We will accept, for argument sake, the court's statement that Appellant asserted this newly-discovered-fact claim at that proceeding.

incompetency, and this has always been known to [Appellant]. Therefore, [Appellant] cannot meet this very limited exception.

*Id.* (emphasis added). Based on the legal authority cited by the PCRA court, we agree that Appellant cannot meet the newly-discovered-fact exception by alleging that his 'mental impairment' of a low IQ prevented him from discovering that he could seek post-conviction relief until he filed the instant petition.

Finally, although Appellant raised various claims of ineffectiveness in his *pro se* PCRA petition, "[i]t is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *See Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted). Additionally, Appellant's challenge to the validity of his guilty plea could not meet any exception, as he obviously knew about this claim and could have asserted a challenge to his plea earlier than 2023.

In sum, none of the issues raised in Appellant's PCRA petition satisfies a timeliness exception. Thus, Attorney Fiorillo is correct that his appeal is meritless. Accordingly, we affirm the order denying Appellant's PCRA petition, and grant Attorney Fiorillo's petition to withdraw.

Order affirmed. Petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/22/2024